**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 05-54-DLB**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**

**LEE MICHAEL TAYLOR**                                                                 **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CRIMINAL CASE NO. 11-140-DLB**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**

**LEE MICHAEL TAYLOR**                                                                 **DEFENDANT**

**REPORT AND RECOMMENDATION**

On October 29, 2015, this matter came before the Court for initial appearance on the United States Probation Office's Report that Defendant Lee Michael Taylor had violated a condition of his supervised release. Defendant was present in Court and represented by David Sloan, and the Government was represented by Assistant United States Attorney Anthony J. Bracke. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-05-CR-54_20151029-125343; the official record of this proceeding was certified by Kati Bramble, Deputy Clerk.

Upon call of this matter for initial appearance, the parties informed the Court that they had reached an agreement on the pending violation. Specifically, Defendant had agreed to plead guilty to the violation as set forth in the October 16, 2015, Violation Report (Case No. 2:05-cr-54, R. 49; Case No. 5:11-cr-140, R. 49), waive allocution and waive his right to appeal the sentence imposed by presiding District Judge Bunning to the extent that said sentence is consistent with this Report and Recommendation and, in exchange, the Government had agreed to recommend a sentence of 8 months of imprisonment with no supervised release to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to an 8-month term of imprisonment, with no supervised release to follow.**

## I.     Procedural Background

On October 5, 2005, in Covington Criminal Case No. 05-54, Defendant pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Case No. 2:05-cr-54; R. 11). On December 22, 2005, the presiding District Judge entered Judgment, sentencing Defendant to a 60-month term of imprisonment with a 3-year term of supervised release to follow. (*Id.*; R. 21).

On December 16, 2011, in Lexington Criminal Case No. 11-140, Defendant pleaded guilty to one count of escape from custody in violation of 18 U.S.C. § 751(a). (Case No. 5:11-cr-140; R. 22). On January 20, 2012, the presiding District Judge entered Judgment, sentencing Defendant to a 15-month term of imprisonment consecutive to Defendant's term of imprisonment in Covington Criminal Case No. 05-54, with a 3-year term of supervised release to follow to run concurrently with the supervised release term imposed in Covington Criminal Case No. 05-54. (*Id.*; R. 30).

2

Defendant was subsequently released from prison and his 3-year concurrent term of supervised release for both cases commenced on March 18, 2013.  On May 5, 2013, Taylor was arrested by the Northern Kentucky Drug Strike Force (NKDSF) after accompanying an individual on a drug deal where the individual sold cocaine to a confidential informant working for NKDSF. Upon arrest Defendant was found to have NKDSF funds used in the controlled narcotics buy in his pocket.  Defendant was charged with First Degree Trafficking in a Controlled Substance, less than 4 grams of cocaine.  On October 28, 2013, Defendant pled guilty to a reduced charge of Facilitation to First Degree Trafficking in a Controlled Substance, less than 4 grams of cocaine, and was sentenced to a term of 4 months in the Kenton County Detention Center with credit for time served. (*See* Case No. 2:05-cr-54, R. 37; Case No. 5:11-cr-140, R. 40).

Defendant was brought before this Court on allegations that he violated the terms of his supervised release by committing a state offense and illegally possessing a controlled substance. After a violation hearing before Magistrate Judge J. Gregory Wehrman, and his issuance of a Report and Recommendation (*id.*), the presiding District Judge on February 11, 2014, found Defendant to be in violation of the terms of his supervised release. (Case No. 2:05-cr-54, R. 38; Case No. 5:11-cr-140, R. 41).  Rather than revoke Defendant's supervised release, his conditions were modified to include eight weekends in the custody of the Bureau of Prisons. (*Id.*).

Defendant now stands before the Court charged with again violating his conditions of supervised release.  Specifically, it is alleged Taylor violated the condition of his supervised release that he not commit another federal, state, or local crime.  His Probation Officer reports that on September 8, 2015, Taylor was arrested by the Cincinnati Police Department and charged with Domestic Violence (misdemeanor 1) and Obstruction of Official Business (misdemeanor 1) in the

3

Hamilton County Municipal Court.  On September 28, 2015, he pled guilty to Domestic Violence and was sentenced to 180 days, suspended 160 days, credit for 20 days, community control for one year.  The Obstruction of Official Business charge was dismissed.

The charged violation was presented to the Court via the Probation Officer's October 16, 2015, Violation Report. (Case No. 2:05-cr-54, R. 49; Case No. 5:11-cr-140, R. 49).  As discussed above, during the initial proceeding, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to the violation, and the parties had agreed on a recommended sentence of 8 months of incarceration with no new term of supervision to follow.

The undersigned explained to Defendant the statutory maximum term of incarceration and supervised release as well as the applicable guideline range.  The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violation set forth in the October 16, 2015, Violation Report of the United States Probation Officer. Specifically, Defendant admitted to having pled guilty to Domestic Violence in state court and that by his conviction of this state offense, he violated the condition of his supervised release that he not commit another federal, state, or local crime.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violation as charged, he has had ample opportunity to consult and is satisfied with his counsel, and that he enters his guilty plea to the charge knowingly and voluntarily.  Therefore, based on Defendant's plea of guilty to this violation, the undersigned finds and will recommend that the District Judge find that Defendant has violated the condition of his supervised release as charged.

4

Defendant has waived his right to allocution, and he waived his right to appeal any sentence the presiding District Judge should ultimately impose, to the extent that said sentence is consistent with this Report and Recommendation.  The only issue remaining is the appropriate sentence to impose for the admitted violation.

## II.   Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).  *See id.* § 3583(e).  The sentencing court is to consider:

1.    The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.    The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3.    The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5.    The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

5

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).  In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offenses of being a Convicted Felon in Possession of Firearm (a Class C felony) and Escape from Custody (a Class D Felony) results in a maximum term of incarceration for each offense upon revocation of his supervised release of not more than two years.  *See* 18 U.S.C. § 3583(e)(3).  United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 8 to 14 months, based upon Defendant's criminal history category of VI and his supervised release violation being a Grade C violation.  In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation.  Under the statute, the maximum term of further supervised release that could be imposed is 3 years, less any term of imprisonment imposed at revocation.  *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 8 months of incarceration with no supervised release to follow.  Upon consideration of the entire record, including the October 16, 2015, Violation Report, the sentencing materials from the underlying Judgments in this District, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence is appropriate in this situation.

Concerning to the Court is that Defendant has continued to violate his conditions of supervision despite the Court having shown leniency after his first violation.  Although an

imprisonment range was recommended under the guidelines for Defendant's first violation, and although the Government sought the low end of the guideline range, he was given a break and was not incarcerated. Instead, his conditions were modified to include serving 8 weekends in the custody of the Bureau of Prisons. Defendant is now before the Court for a second violation. He acknowledges that he violated his supervised release by pleading guilty to a state misdemeanor of domestic violence, but offers in mitigation that there were extenuating circumstances underlying his guilty plea. He offered at this hearing the letter provided to the state court judge that was written by his wife, Janika Williams (who was also in attendance for Defendant's supervised release violation hearing), wherein she states that Defendant did not actually commit domestic violence against her. (*See* Case No. 2:05-cr-54, R. 50, Ex. 1; Case No. 5:11-cr-140, R. 51, Ex. 1). Revocation of Defendant's supervised release and a term of incarceration is appropriate here, given this is Defendant's second violation and that he was shown leniency by the Court after his initial violation. Defendant accepts responsibility for having again violated his supervised release and understands that he should be sentenced to a term of incarceration for this second violation, but offered this mitigating information in support of the parties' agreed-upon recommended sentence at the low end of the guideline range. The Court agrees that an 8-month term of incarceration after this revocation is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

Both sides recommend that no further term of supervised release should follow Defendant's 8-month term of imprisonment. The Court agrees that an additional term of supervision for Defendant would not be effective to facilitate his rehabilitation. Defendant's original 3-year term of supervised release was scheduled to expire in March 2016. At the hearing on the pending

violation, defense counsel offered exhibits to demonstrate that Defendant has been pursuing a writing career and online publication. (*See* Case No. 2:05-cr-54, R. 50, Exs. E3-E3c; Case No. 5:11-cr-140, R. 51, Exs. E3-E3c). He also offered a letter in support of his rehabilitation from his mentor. (*See id.,* Ex. E2). At this point the Probation Office would essentially have nothing more to offer Taylor and therefore further probationary oversight is not warranted.

Lastly, the parties have agreed that Defendant should be given the benefit of self-surrendering to provide him with an opportunity to arrange his personal affairs. While Defendant will be given the benefit of self surrender, he will be required to remain on his current conditions of supervision until his self surrender.

## III.    Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his plea of guilty to the violation knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1.    Defendant **LEE MICHAEL TAYLOR** be found to have **violated** a term of his supervised release as set forth in the October 16, 2015, Violation Report;

2.    Defendant's supervised release be **revoked;**

3.    Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **8 months,** with **no supervision to follow;**

4.    Defendant's sentence, if possible, be served at a federal facility close to his home in Cincinnati, Ohio; preferrably FCI Ashland, and,

5.      Defendant be ordered to self surrender by reporting on **Monday, November 30, 2015, before 2:00 p.m.** to the United States Marshal's Office located at the United States Courthouse, 35 West Fifth Street, Covington, Kentucky.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 11th day of November, 2015.



**Signed By:**

*__Candace J. Smith__*

**United States Magistrate Judge**

I:\DATA\S.R. violations R&R\05-54 & 11-140 Taylor R&R final.wpd

9